UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREEA MELISSA OLTEANU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS SCHNEIDER, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-02006-RFB-DJA<br><br>**ORDER** |

　　Before the Court are various submissions by *pro se* Plaintiff Andreea Melissa Olteanu. On October 7, 2024, Ms. Olteanu filed a submission styled "Motion for Wit of Mandamus and Injunctive Relief" (ECF Nos. 18, 19). On October 15, 2024, she filed an emergency motion (ECF Nos. 22, 23) seeking a hearing and an expedited briefing schedule her prior motion. On October 28, 2024, Ms. Olteanu filed a submission entitled "*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue" (ECF No. 27, 28). On October 30, she filed a duplicate submission (ECF Nos. 29, 30), proposed orders (ECF No. 31, 32), and a declaration (ECF No. 33). For the following reasons, the Court denies each of these submissions.

　　First, the Court considers several submissions in which Ms. Olteanu requests the entry of a Temporary Restraining Order ("TRO"). "The analysis for a TRO is 'substantially identical' to that of a preliminary injunction." Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. &

Fin. Servs. Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The Court has carefully considered the voluminous filings produced by Ms. Olteanu and will not provide a full recitation of her allegations here. Broadly, Ms. Olteanu alleges a wide-ranging conspiracy to murder her husband, frame her for his murder, and sell her property at auction. Her present TRO centers on allegations that she owns a certain property that several named Defendants are clouding the title to and are attempting to seize. She seeks equitable relief from the TRO related to her rights to that property.

Ms. Olteanu's briefing does not clearly identify a legal theory that would support her claims.[1] Given the subject matter, the Court construes the TRO as arguing for relief based on a potential a quiet title claim. See Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106 (Nev. 2013) (quoting Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992)). In a quiet title action, "each party must plead and prove his or her own claim to the property in question." Id. The Court now considers Ms. Olteanu's "likelihood of success on the merits" on a quiet title claim. See Wells Fargo & Co., 758 F.3d at 1071. Ms. Olteanu bears the burden to show ownership of the property. Chapman, 302 P.3d at 1106. Beyond conclusory allegations that the property was transferred to her, the Court finds Ms. Olteanu has not provided cognizable evidence that she owns the property or even has a viable claim to the property. With no evidence of an essential element of her claim, the Court cannot conclude find a likelihood of success. Because the Court finds no likelihood of success on the merits, the Court declines to consider the remaining factors. Ms. Olteanu's request for a TRO is denied.[2]

Second, the Court now considers Ms. Olteanu's requests for a writ of mandamus. "[T]he writ of mandamus does not exist in federal court procedure," Finley v. Chandler, 377 F.3d 548, 548 (9th Cir. 1967), and independent actions based on the equitable writ of mandamus alone

---

[1] While, as explained below, the most-recent Amended Complaint (ECF Nos. 20, 21) has not been screened, even where the Court to consider it, there is no clear basis for the relief she now seeks in the TRO.

[2] To the extent Ms. Olteanu seeks a Preliminary Injunction, the Court finds that fails on the same basis. See Stuhlbarg Intern. Sales Co, Inc., 240 F.3d at 839 n.7 ("The analysis for a TRO is substantially identical to that of a preliminary injunction.").

were abolished by Federal Rule of Civil Procedure 81(b). Today, "[t]here is only one form of action—the civil action." Fed. R. Civ. P. 2. However, Congress has provided that plaintiffs may seek mandamus-styled relief through a civil action. See, e.g., 28 U.S.C. §§ 1361, 1651. Nevertheless, such actions must be commenced by a complaint. Fed. R. Civ. P. 3. There is no operative complaint in this matter. Pursuant to the September 27, 2024, Order of the Honorable Daniel J. Albregts, United States Magistrate Judge, Ms. Olteanu filed an Amended Complaint. However, because Ms. Olteanu is proceeding *in forma pauperis*, this Amended Complaint must first be screened before it is considered operative. See 28 U.S.C. § 1915. Because there is no operative complaint, the Court cannot consider Ms. Olteanu's submissions seeking mandamus.[3]

Third, the Court considers Ms. Oteanu's requests for a hearing, expediting briefing, and proposed orders. In light of the above, the Court finds each of these are moot.

Finally, the Court reminds Ms. Olteanu that her most recent Amended Complaint must be screened prior to the initiation of this civil action. **To be clear: repeated, procedurally inappropriate filings only delay proceedings, including the screening process.** While she is proceeding *pro se*, the Court reminds Ms. Olteanu that she is nonetheless required to follow the rules and procedures of this Court. The Court will include links to the most important of these in the Conclusion of this Order. Ms. Olteanu is instructed to carefully review them before producing any additional submissions.

///
///
///
///
///
///

---

[3] In addition, the form of mandamus relief sought by Ms. Olteanu only applies to federal officers. See 28 U.S.C. § 1361 (limiting mandamus to an "officer or employee of the United States or any agency thereof[.]"); Finley, 377 F.3d at 548 (limiting 28 U.S.C. § 1365 to a "federal official performing acts . . . done under color of federal authority[.]"). From Ms. Olteanu's briefing it is clear she is targeting officials and agencies of the State of Nevada and its subdivisions, for example, the Henderson Police Department. While it need not settle the issue here, the Court is skeptical that even properly pleaded mandamus relief would be available here.

For the foregoing reasons, **IT IS ORDERED** that the Plaintiff Andreea Melissa Olteanu's submissions (ECF Nos. 18, 19, 22, 23, 27, 28, 29, 30, 31) are **DENIED**. The Court further suggests that Plaintiff review the District of Nevada website. It provides helpful links to resources on the "Self Help" page accessible at this web address: https://www.nvd.uscourts.gov/self-help.

**DATED:** November 20, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**