UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Andreea Melissa Olteanu, | Case No. 2:23-cv-02006-RFB-DJA |
|---|---|
| Plaintiff, | |
| v. | **Order** |
| Louis Schneider, et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis.* On September 27, 2024, the Court gave Plaintiff until October 28, 2024, to file an amended complaint. (ECF No. 17). Plaintiff filed an amended complaint on October 11, 2024. (ECF No. 20). She filed another, slightly different amended complaint that same day. (ECF No. 21). On October 17, 2024, she filed exhibits to her amended complaints. (ECF No. 24). On October 21, 2024, she filed more exhibits to her amended complaints. (ECF No. 25). On October 25, 2024, she filed an addendum to her amended complaints. (ECF No. 26). On November 8, 2024, she moved to join additional Defendants. (ECF No. 35). On November 13, 2024, she moved to join the Estate of Mark Porcelli—for which Estate she claims she is the executrix—as a party. (ECF No. 37). She also filed an "emergency motion for execution of writ of mandamus and enforcement of interim payment due." (ECF No. 38).

A complaint must be complete in and of itself, without references to prior complaints. *See Festa v. NDOC*, No. 2:17-cv-00850-APG-NJK, 2018 WL 3715708, at \*1 (D. Nev. Aug. 3, 2018). This is because an amended complaint supersedes (replaces) an original complaint. *See id.* (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)). Plaintiff attempts to bring her claims and add parties through various filings and motions. But the Court will not piecemeal documents together to determine whether Plaintiff states a colorable claim in her complaint. Therefore, the Court will not screen Plaintiff's amended complaints,

exhibits, and addendum and will deny her motions to join additional Defendants and to join the estate of Mark Porcelli.  The Court will give Plaintiff one more opportunity to submit a <u>complete</u> amended complaint.  Plaintiff's complaint must contain all defendants; all factual allegations that Plaintiff wishes to include in this lawsuit; and if Plaintiff brings the action as executrix of the Estate of Mark Porcelli, the legal basis for her to do so.  Plaintiff is not required to file exhibits with her amended complaint, but if she does, they must be filed with the amended complaint.

The Court also denies Plaintiff's "emergency motion for execution of writ of mandamus and enforcement of interim payment due." (ECF No. 37).  As the Honorable District Judge Richard F. Boulware explained in his order denying Plaintiff's previously-filed requests for writ of mandamus, "[b]ecause there is no operative complaint, the Court cannot consider [Plaintiff's] submissions seeking mandamus." (ECF No. 39).  Plaintiff's remaining requests—that the Court sanction the Defendants, to include the Estate of Mark Porcelli as a co-plaintiff, for the Court to permit a class action, for a temporary restraining order, for a preliminary injunction, for declaratory judgment, for damages, and for an investigation—have either already been addressed by the Court (ECF No. 39), are more appropriately brought in an amended pleading, or are not supported by any legitimate legal basis.

**IT IS THEREFORE ORDERED** that Plaintiff shall have until **December 23, 2024** to file a <u>complete</u> amended complaint.  **Failure to timely comply with this order will result in the recommended dismissal of this case.**  The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

**IT IS FURTHER ORDERED** that Plaintiff's motions to join additional defendants, to join the Estate of Mark Porcelli, and for execution of writ of mandamus and enforcement of interim payment due (ECF Nos. 35, 37, and 38) are **denied.**

DATED: November 21, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE