**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ANDREA MELISSA OLTEANU, | Case No. 2:23-cv-02006-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| LOUIS SCHNEIDER, *et al.*, | |
| Defendants. | |

Before the Court are *pro se* Plaintiff Andrea Olteanu's Motion to Change or Transfer Venue (ECF No. 42), Motion to Join the Estate of Mark Porcelli (ECF No. 45), Motion for Preliminary Injunction (ECF No. 46), Motion for Emergency Relief and Witness Protection (ECF No. 49), Motion for Preliminary Injunction (ECF No. 57), Motion for Leave to file Motions (ECF No. 60) and four Motions that Plaintiff filed without leave (ECF Nos. 61-64).

On February 24, 2025, the Honorable Daniel Albregts, U.S. Magistrate Judge, issued an Order providing Plaintiff Olteanu until March 26, 2025 to file an amended complaint that is complete in itself and includes all defendants and all factual allegations. (ECF No. 59). Plaintiff has not yet properly filed an amended complaint. Yet on March 3, 2025, Plaintiff five additional Motions.

On November 20, 2024, this Court reminded Ms. Olteanu in its (ECF No. 39) Order that her action cannot proceed until she properly files a proposed amended complaint and that amended complaint is screened. See 28 U.S.C. § 1915. The Court also informed Ms. Olteanu that repeated, procedurally inappropriate filings only delay proceedings, including the screening process, and that Ms. Olteanu is required to follow the rules and procedures of this Court. The Court further

provided Ms. Olteanu links to self-help resources to guide her going forward.

Ms. Olteanu's filings since the Court's (ECF No. 39) Order continue to be procedurally inappropriate. As Ms. Olteanu was informed by Judge Albregts' (ECF No. 59) Order, continued failure to comply with this Court's Orders will lead to the dismissal of her case. District courts have the inherent power to control their dockets and may dismiss an action based on a party's repeated failure to obey court orders and procedural rules. See e.g., Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

The Court now considers Ms. Olteanu's latest (ECF No. 42) Motion for Transfer, which asks the Court to transfer this case to the Northern District of California, where Ms. Olteanu states she has filed an action with parallel claims. She seeks to transfer this action for the purposes of judicial efficiency, to avoid inconsistent rulings, and to ensure all her claims are resolved in a single forum. The Court previously denied Ms. Olteanu's (ECF No. 9) Motion to Transfer as premature, because there was no operative complaint on file and no defendant had been served. For the same reasons, the Court finds Plaintiff's (ECF No. 42) Motion to Transfer is premature. Moreover, if Ms. Olteanu wishes her claims in this action to be resolved in her parallel case, she may voluntarily dismiss this lawsuit and continue to pursue her claims in her desired forum in the Northern District of California. Transfer of this case is not necessary for efficiency or to avoid inconsistent rulings, because there is no operative complaint in this case and no defendant has been served.

Next the Court considers Plaintiff's (ECF No. 45) Motion to Join the Estate of Mark Porcelli. This Motion too is premature. Plaintiff may join the Estate of Mark Porcelli in any proposed amended complaint she files on or before March 26, 2025, pursuant to Judge Albregts' (ECF No. 59) Order.

Next the Court considers Plaintiff's (ECF Nos. 46 and 57) Motions for Preliminary Injunction, and (ECF No. 49) Motion for emergency relief, which the Court liberally construes as an additional Motion for Preliminary Injunction. To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities

tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs. Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), *as amended* Mar. 11, 2014 (*citing* Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A plaintiff is not entitled to an injunction based on claims not pled in the complaint. Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Id. at 636. There is a sufficient nexus if the interim order "would grant relief of the same character as that which may be granted finally.'" Id. (citation omitted). Here, there is no operative complaint. Because no nexus can exist between the relief requested in Plaintiff's Motions for preliminary injunctions and the relief sought in a non-existent complaint, the Court finds that Ms. Olteanu's (ECF Nos. 46, 49, and 57) Motions fail for want of a nexus.

The Court next considers Ms. Olteanu's (ECF No. 60) Motion for leave to file her (ECF No. 61) Motion to disqualify counsel for Wells Fargo, (ECF No. 62) Motion for an emergency subpoena, and (ECF Nos. 63-64) Motions for Summary Judgment. As explained above, with no operative complaint and no service on any defendant in this case, each of the Motions Plaintiff seeks leave to file are premature. The Court therefore denies Plaintiff's (ECF No. 60) Motion for Leave to File and denies the (ECF Nos. 61-64) Motions Plaintiff sought leave to file as premature.

Finally, the Court reminds Ms. Olteanu that failure to comply with Judge Albregt's (ECF No. 59) Order, which provided her a **fifth** extension of time to file her amended complaint and instructed her to file a single amended complaint on or before March 26, 2025, will result in the dismissal of her lawsuit.

Additionally, the Court informs Ms. Olteanu that this Court must consider the public's interest in expeditions resolution of litigation, the need to efficiently manage judicial resources, and the risk of prejudice to defendants caused by the unreasonable delay in the proper filing of Ms. Olteanu's amended complaint. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (*quoting* Malone, 833 F.2d at 130). Given these concerns, any additional

filing of Motions that have been previously denied as procedurally improper due to the lack of a properly filed and screened complaint would violate this and numerous previous Court Orders in this case. **As Ms. Olteanu has been repeatedly reminded, failure to comply with Court Orders may warrant the dismissal of her lawsuit as a sanction**.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Ms. Olteanu's submissions (ECF Nos. 42, 45, 46, 49, 57, 60, 61, 62, 63, and 64) are each **DENIED** without prejudice as premature. Because these denials are without prejudice, Ms. Olteanu may seek her requested relief, if appropriate, after—**and only after**—she has filed an amended complaint that the Court has determined states cognizable claims through the screening process.

**DATED:** this 7th day of March, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**