# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREEA OLTEANU, | Case No. 2:23-cv-02006-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| LOUIS SCHNEIDER, *et al*., | |
| Defendants. | |

    Before the Court for consideration is the Report and Recommendation (ECF No. 86) of the Honorable Nancy J. Koppe, United States Magistrate Judge, entered on May 6, 2025. For the following reasons, the Court adopts the Report and Recommendation in full and dismisses this case with prejudice.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

    Here, Plaintiff Andreea Olteanu filed a "Response to Order to Show Cause" within the required time period to file an objection, which the Court liberally construes as an objection to the entirety of the Magistrate Judge's Report and Recommendation. ECF No. 87. Thus, the Court will issue a *de novo* determination as to whether dismissal with prejudice, as recommended, is

warranted. For the following reasons, the Court fully concurs with the findings and recommendation of Judge Koppe and dismisses this action pursuant to 42 U.S.C. § 1915(e)(2). Separately, the Court dismisses this case with prejudice as a sanction for Ms. Olteanu's repeated failure to follow this Court's Orders.

Upon reviewing Ms. Olteanu's application to proceed *in forma pauperis* in the instant case, Judge Koppe found cause for concern that Ms. Olteanu made willful misrepresentations regarding her financial circumstances, and issued an Order to Show Cause why this case should not be dismissed pursuant to 28 U.S.C. § 1952(e)(2).[1] ECF No. 79. Ms. Olteanu was provided an opportunity to explain egregious inconsistencies in her sworn attestations regarding her finances before this Court, as compared to her attestations before other courts during the same period. Id. Judge Koppe found Ms. Olteanu's response to the Order to Show Cause (ECF No. 84-85) demonstrated that her allegations of poverty were made in bad faith. See Escobedo v. Applebees, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015) ("To dismiss [a plaintiff's] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy."). The Court will not reiterate the evidence of Ms. Olteanu's willful misrepresentations, which Judge Koppe described extensively, and the Court incorporates here by reference. The Court has thoroughly reviewed the record and Ms. Olteanu's objection and finds that she not only fails to address the inconsistencies—she repeats them. See ECF No. 87.

For example, in her objection Ms. Olteanu *again* declares under penalty of perjury that her employment with Swiss Gross Forum ceased in December of 2022, stating "assassination attempts and interference with my communications and finances" rendered it impossible to continue her employment. See ECF No. 87-1. But she fails to explain why, if that were true, she swore on July 19, 2023, in her lawsuit before the Hawaii district court, that she was still employed at Swiss Growth Forum,[2] and on June 22, 2024, in her Chapter 13 bankruptcy case, she swore that she was employed as a consultant at Swiss Growth Forum at that time and earned

---

[1] 28 U.S.C.A. § 1915(e)(2)(B) instructs a court to dismiss a case filed *in forma pauperis* if it determines that the allegation of poverty is untrue, notwithstanding any payment of the filing fee.

[2] See Olteanu v. Gonzales, Case No. 1:23-cv-00299-JMS-KJM (D. Haw. July 19, 2023), ECF No. 3.

income from the company in November and December of 2023.[3]

Based on Ms. Olteanu's familiarity with the *in forma pauperis* system and history of litigation, and her failure to credibly explain or correct her declarations when given an opportunity to do so, the Court finds Ms. Olteanu's allegation of poverty was not merely inaccurate but made in bad faith, *i.e.* with the intent to deceive this Court.

Moreover, the Court finds Ms. Olteanu's objection itself exemplifies a pattern of dishonesty that extends beyond her representations regarding her financial circumstances, and indicates this action is "frivolous or malicious," further warranting *sua sponte* dismissal. Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citing 28 U.S.C. § 1915(e)). Ms. Olteanu's filing includes a "Table of Exhibits" purporting to attach documents that would substantiate her representations, but no such documents have been submitted. See ECF No. 87 at 3. Likewise, Ms. Olteanu's duplicative filings seeking emergency *ex parte* relief have also included a "Table of Exhibits" supposedly referring to documentary evidence that corroborates her allegations of a wide-ranging conspiracy against her and the necessity for emergency court intervention—yet none of the listed exhibits have been submitted. See e.g., ECF Nos. 75, 81, 82, 83, 94, 96. The Court finds this is a tactic that cannot be inadvertent—especially as Ms. Olteanu has demonstrated she is capable of properly filing exhibits. See e.g., ECF No. 84. This pattern further indicates bad faith and the necessity of dismissal with prejudice.

Finally, the Court separately finds dismissal is warranted as a sanction for Ms. Olteanu's repeated failure to regard this Court's Orders. As described most recently in the Court's March 7, 2025 and April 8, 2025 Orders, Ms. Olteanu has bombarded this Court with procedurally improper, duplicative filings, preventing the consideration of her claims on the merits. See ECF Nos. 65, 74. The Court—not for the first time—warned that "further duplicative filings by Ms. Olteanu **will result in the dismissal of this case as a sanction for failure to heed this Court's numerous Orders and warnings**." ECF No. 74 (emphasis in original). Since that warning, Ms. Olteanu has continued unabated in submitting duplicative filings styled as motions for emergency relief. ECF Nos. 82, 83, 88, 93, 94, 96.

---

[3] See In re Andreea Melissa Olteanu, Case No. 24-12393-mkn (Nev. Bk. May 15, 2024), ECF No. 17.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on such grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in the expeditious resolution of litigation and the Court's interest in managing its docket, weigh in favor of dismissal. Ms. Olteanu's repetitive filings have overwhelmed this docket for well over a year, such that there still is no operative screened complaint, and no Defendant has been served or appeared in the case. Ms. Olteanu's litigation tactic of filing repetitive motions requesting the same relief has not only delayed the resolution of her own claims on the merits—it has also diverted this Court's resources in a manner that harms the public interest.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less

drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Ms. Olteanu has not respected this Courts numerous warnings, and the record demonstrates Ms. Olteanu has proceeded *in forma pauperis* in bad faith and is engaged in ongoing dishonesty, no less drastic, meaningful alternative exists to remedy Ms. Olteanu's misconduct. Repeating ignored warnings will only delay the inevitable and further squander the Court's finite resources. So, the fifth factor favors dismissal.

For the foregoing reasons, **IT IS ORDERED** that the (ECF No. 86) Report and Recommendation is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court is directed to close this case. No other documents may be filed in this now closed case.

**IT IS FURTHER ORDERED** that all other pending Motions filed by Ms. Olteanu (ECF Nos. 75, 76, 80, 81, 82, 83, 86, 88, 93, 94, and 96) are **DENIED as moot**.

**DATED:** June 5, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**